# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PNC BANK, N.A., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:17-cv-01081 |
| RENE O. CAMPOS; 2013 TRAVIS OAK | § | |
| CREEK DEVELOPER, INC.; CHULA | § | |
| INVESTMENTS, LTD.; AND EUREKA | § | |
| MULTIFAMILY GROUP, L.P., | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| DATE | DOCUMENT | EXHIBIT |
|---|---|---|
| 11/14/2017 | Plaintiff's Original Petition and Request for Disclosure | A |

11/14/2017 9:52 AM
**Velva L. Price
District Clerk
Travis County
D-1-GN-17-006241
Victoria Benavides**

### D-1-GN-17-006241
## CAUSE NO. _____

| | | |
|---|---|---|
| PNC BANK, N.A., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | 201st ___ JUDICIAL DISTRICT |
| RENE O. CAMPOS; 2013 TRAVIS OAK CREEK | § | |
| DEVELOPER, INC.; CHULA INVESTMENTS, | § | |
| LTD.; and EUREKA MULTIFAMILY GROUP, | § | |
| L.P., | § | |
| | § | |
| *Defendants*. | § | TRAVIS COUNTY, TEXAS |

## PNC BANK, N.A.'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff PNC Bank, N.A. ("**PNC**") files this Original Petition and Request for Disclosure and would respectfully show the following:

### I.    DISCOVERY PLAN

1.    Pursuant to Texas Rule of Civil Procedure 190.1, PNC intends for discovery to be conducted herein under Level 2.

### II.    PARTIES

2.    Plaintiff PNC Bank, N.A. is a federally chartered bank with its principal place of business in Pittsburgh, Pennsylvania. It can be served with papers in this matter through its counsel of record.

3.    Defendant Rene O. Campos ("**Campos**") is a Texas citizen and resident. He can be served with process at his home, located at 3637 Binkley Avenue, Dallas, Texas 75205, or wherever he may be found.

4.    Defendant 2013 Travis Oak Creek Developer, Inc. ("**Developer**") is a Texas corporation with its principal place of business in Dallas, Texas. It can be served with process

through its registered agent for service of process, 2001 Agency Corporation, 14160 Dallas Parkway, Suite 800, Dallas, Texas 75254.

5.     Defendant Chula Investments, Ltd. ("**Chula**") is a Texas limited partnership. Its sole general partner is Chula Management, LLC, a Texas limited liability company. On information and belief, all the limited partners in Chula and all the members in its general partner are Texas citizens and/or residents. Chula can be served with process through its registered agent for service of process, 2001 Agency Corporation, 14160 Dallas Parkway, Suite 800, Dallas, Texas 75254.

6.     Eureka Multifamily Group, L.P. ("**Eureka**") is a Texas limited partnership. Its sole general partner is Eureka Multifamily Group GP, Inc., a Texas corporation. Its sole limited partner is Rene O. Campos, Jr., an individual residing in Dallas County, Texas. Eureka can be served with process through its registered agent for service of process, 2001 Agency Corporation, 14160 Dallas Parkway, Suite 800, Dallas, Texas 75254.

### III.     JURISDICTION, VENUE, AND AMOUNT IN CONTROVERSY

7.     The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendants because they either live or conduct business in Texas.

8.     Venue is proper in this Court under Section 15.020 of the Texas Civil Practice and Remedies Code because this is an action arising from a "major transaction," and Defendants agreed in writing that a suit arising from the transaction may be brought in Travis County, Texas. Alternatively, venue is proper in this Court under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Travis County, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

9.     PNC seeks monetary relief of over $1,000,000.00. See Tex. R. Civ. P. 47(c).

## IV.   FACTS

10.     2013 Travis Oak Creek, LP ("**Borrower**") was created to develop, construct, operate, maintain, and manage an apartment complex in Austin, Texas that is known as the Lucero Apartments ("**Property**").

11.     Borrower financed the construction of the Property with a $26 million loan ("**Construction Loan**") made by J.P. Morgan Chase Bank, N.A. ("**Chase**").

12.     The Construction Loan was secured by, among other things, a guaranty of payment and completion ("**Guaranty**") signed by four guarantors: Campos, Developer, Chula, and Eureka (collectively, "**Guarantors**" or "**Defendants**"). Per the Guaranty, the Guarantors guaranteed to the Lender,[1] jointly and severally, absolutely, irrevocably, and unconditionally the payment of the Debt.[2] The Guaranty is a guaranty of payment and not of collection, and the Guarantors waived any right to require that any action be brought against the Borrower or any other person or party or to require that resort be had to any security or to any balance of any deposit account or credit on the books of the Lender in favor of the Borrower or any other person or party.[3]

---

[1] Per Section 11 of the Guaranty, references to Lender "shall be deemed to include its successors and assigns," *i.e.*, PNC.

[2] Defined in the Guaranty as "all liabilities of the Borrower to the Lender of whatever nature, whether now existing or hereafter incurred, whether created directly or acquired by the Lender, by assignment or otherwise, whether matured or unmatured and whether absolute or contingent, any principal, interest, additional interest (including specifically all interest accruing from and after the commencement of any case, proceeding or action under any existing or future laws relating to bankruptcy, insolvency or similar matters with respect to the Borrower) and other sums of any nature whatsoever which may be due or shall become due and payable pursuant to the provisions of the Note, the Mortgage, the Loan Agreement or any other document or instrument now or hereafter executed that governs, secures and/or evidences the Loan (said Note, Mortgage, Loan Agreement and such other documents and instructions, collectively, the "Loan Documents") and any agreement executed by Borrower with respect to any swap, forward, future or derivative transaction or option or similar agreement involving, or settled by reference to, on or more rates, currencies, commodities, equity or debt instruments or securities, or economic, financial or pricing indexes or measures of economic, financial or pricing risk or value or any similar transaction or any combination of these transactions (all of the above unaffected by modification thereof in any bankruptcy or insolvency proceeding), and even though the Lender may not have allowed a claim for the same against the Borrower as a result of any bankruptcy or insolvency proceeding."

[3] *See* § 10 of the Guaranty.

---

13.     Borrower failed to repay the Construction Loan on its maturity date, May 23, 2017. On June 2, 2017, Chase sent Borrower and Guarantors a Notice of Default of the Construction Loan. On June 28, 2017, Chase applied $834,144.46 that was in a pledged account of Borrower against the principal balance of the Construction Loan.

14.     Borrower is still in default of the Construction Loan. Per the Guaranty, an event of default under the Construction Loan constitutes an event of default of the Guaranty. Thus, Guarantors are in default of the Guaranty.

15.     On October 3, 2017, Chase and PNC entered into a Sale and Assignment Agreement ("**Sale Agreement**").

16.     On October 12, 2017, Chase entered into an Assignment of Deed of Trust and Other Loan Documents ("**General Assignment**"), whereby Chase assigned to PNC all of Chase's right, title, and interest in, to, and under the following:

a.      Credit Support and Funding Agreement, dated May 23, 2014, between 2013 Travis Oak Creek, L.P. and JPMorgan Chase Bank, N.A.;

b.      Advance Promissory Note, dated May 23, 2014, between 2013 Travis Oak Creek, L.P. and JPMorgan Chase Bank, N.A.in the original principal amount of $26,000,000;

c.      Construction Deed of Trust, Absolute Assignment of Rents, Security Agreement and Financing Statement, dated May 23, 2014, by 2013 Travis Oak Creek, L.P. to Jacqueline P Yardley, of Cook County, Illinois, as Trustee, for the benefit of JPMorgan Chase Bank, N.A., recorded at Recording No. 2014075497 on May 27, 2014, in the Real Property Records of Travis County, Texas;

d.      Environmental Indemnity Agreement, dated May 23, 2014, between 2013 Travis Oak Creek, L.P. and JPMorgan Chase Bank, N.A.;

e.      Guaranty of Payment and Completion, dated May 23, 2014, be Rene O. Campos, 2013 Travis Creek Developer, Inc., Chula Investments, Ltd., and Eureka Multifamily Group, LP for the benefit of JPMorgan Chase Bank, N.A.;

f.      Loan Policy of Title Insurance No. CTGS29-82913000800A issued by Chicago Title Insurance Company, dated May 23, 2014;

g.      Payment and Performance Bonds, dated May 23, 2014;

h.   Modification Agreement (with Amendment to Credit Support and Funding Agreement), dated April 20, 2016, between 2013 Travis Oak Creek, L.P. and JPMorgan Chase Bank, N.A.;

i.   Modification Agreement (with Amendment to Credit Support and Funding Agreement), dated November 23, 2016, between 2013 Travis Oak Creek, L.P. and JPMorgan Chase Bank, N.A.;

j.   Tri-Party Agreement, dated May 23, 2014 among 2013 Travis Oak Creek, L.P., JPMorgan Chase Bank, N.A., and PNC Bank, National Association;

k.   Liquidity Maintenance Agreement, dated May 23, 2014, by 2013 Travis Creek Developer, Inc., Eureka Multifamily Group, LP, Chula Investments, Ltd., and Rene O. Campos, and JPMorgan Chase Bank, N.A.;

l.   UCC Financing Statement, filed with the Texas Secretary of State on June 1, 2014, as filing no. 14-0017272761;

m.   UCC Financing Statement, filed with the Travis County Clerk on May 23, 2014, as filing no. 2014074970;

n.   Subordination Agreement, dated May 23, 2014, by and among Austin Housing Finance Corporation, JPMorgan Chase Bank, N.A., and 2013 Travis Oak Creek, LP;

o.   Subordination Agreement, dated May 23, 2014, by and among 2013 Travis Oak Creek, LP, JP Morgan Chase Bank, N.A., and 2013 Travis Oak Creek, GP, LP;

p.   Intercreditor and Subordination Agreement, dated May 23, 2014, by and among JPMorgan Chase Bank, N.A., 2007 Travis Heights, LP, and 2013 Travis Oak Creek, LP;

q.   Developer Fee Subordination Agreement, dated May 23, 2014, by and among 2013 Travis Oak Creek, LP, 2013 Travis Oak Creek Developer, Inc., and JPMorgan Chase Bank, N.A.;

r.   Assignment of Management Agreement and Consent and Subordination of Manager, dated as of May 23, 2014, by 2013 Travis Oak Creek, LP and Eureka Multi-family Group, LP, for the benefit of JPMorgan Chase Bank, N.A.;

s.   Assignment of Accounts, dated May 23, 2014, by Travis Oak Creek, LP to JPMorgan Chase Bank, N.A.;

t.   Partnership Certificate and Consent of Partners-Eureka Multi-Family Group, LP;

u.   Partnership Certificate and Consent of Partners-Chula Investments, Ltd.; and

*v.*    "All other documents, instruments and agreements evidencing, securing or otherwise governing the terms of the loan provided for in the Loan Agreements and secured by Deed of Trust. . . ."

17.    On October 12, 2017, Chase also entered into an Allonge ("**Allonge**") regarding the Advance Promissory Note, in the original principal amount of $26,000,000.00, dated May 23, 2014, executed by Borrower, and originally payable to Chase.

18.    On October 12, 2017, Chase also entered into an Assignment of Deed of Trust ("**Assignment of Deed of Trust**"), whereby it assigned all of its right, title, and interest in, under, and to that certain Construction Deed of Trust, Absolute Assignment of Rents, Security Agreement and Financing Statement made by Borrower, to Jacqueline P. Yardley as Trustee for the benefit of Chase ("**Deed of Trust**").

## V.    CAUSES OF ACTION

### (Count 1: Breach of Guaranty against All Defendants)

19.    The foregoing paragraphs are incorporated by reference as if set forth fully herein.

20.    The Guaranty is a valid and enforceable contract between the PNC and Guarantors.

21.    Per the Guaranty, Guarantors guaranteed to PNC, jointly and severally, absolutely, irrevocably, and unconditionally the payment of Borrower's Debt.

22.    Borrower is in default of the Construction Loan. Despite written notice of Borrower's default of the Construction Loan, Guarantors have failed to pay and satisfy Borrower's obligations under the Construction Loan. Moreover, per the Guaranty, an event of default under the Construction Loan constitutes an event of default of the Guaranty. Thus, Guarantors are in default of the Guaranty.

23.    Guarantors' breaches of the Guaranty have proximately caused PNC actual and special damages.

24.     PNC was forced to retain counsel to enforce the Guaranty and collect the sums due. As such, PNC is entitled, under the Guaranty and Section 38.001 of the Texas Civil Practice and Remedies Code, to recover its reasonable and necessary attorney's fees.

## VI.     REQUEST FOR DISCLOSURE

25.     Defendants are requested to disclose the information described in Rule 194.2 of the Texas Rules of Civil Procedure within 50 days of service of this request.

## VII.     PRAYER

Wherefore, premises considered, PNC respectfully prays that the Court:

*a.*     Cause the Defendants to be cited to appear;

*b.*     Award PNC all of its damages, including actual and special damages;

*c.*     Award PNC all of its pre-judgment and post-judgment interest;

*d.*     Award PNC its reasonable and necessary attorney's fees;

*e.*     Award PNC all costs of court; and

*f.*     Grant PNC such further relief to which it may be entitled.


Date: November 13, 2017                    Respectfully submitted,

                                           */s/ Jon G. Shepherd*
                                           Jon G. Shepherd
                                           Texas State Bar No. 00788402
                                           *jon.shepherd@hklaw.com*
                                           Nicholas A.F. Sarokhanian
                                           Texas State Bar No. 24075020
                                           *nicholas.sarokhanian@hklaw.com*
                                           **HOLLAND & KNIGHT LLP**

                                           200 Crescent Court, Suite 1600
                                           Dallas, Texas  75201
                                           (214) 964-9500
                                           (214) 964-9501 (facsimile)

                                           **ATTORNEYS FOR PLAINTIFF
                                           PNC BANK, N.A.**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED ___ PNC Bank, M.A. v. Rene O. Campos, et al.
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name: <br><br> Jon G. Shepherd <br> Address: <br> 200 Crescent Ct., Suite 1600 <br> City/State/Zip: <br> Dallas, Texas  75201 <br> Signature: <br> _____ | Email: <br> jon.shepherd@hklaw.com <br> Telephone: <br> (214) 964-9433 <br> Fax: <br> (214) 964-9501 <br> State Bar No: <br> 00788402 | Plaintiff(s)/Petitioner(s): <br> PNC Bank, N.A. <br><br><br> Defendant(s)/Respondent(s): <br> Rene O. Campos; 2013 Travis Oak Creek Developer, Inc.; Chula Investments, Ltd.; Eureka Multifamily Group, LP <br> [Attach additional page as necessary to list all parties] | ☒ Attorney for Plaintiff/Petitioner <br> ☐ *Pro Se* Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☒ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br> _____ <br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: <br> _____ | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: <br> _____ <br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: <br> _____ <br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: _____ | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br><br> **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: <br> _____ | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: <br> _____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: <br> _____ | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: _____ | | |
| **Tax** | *Probate & Mental Health* | | | |
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: _____ | | |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |